UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELTON SMITH,<br><br>   Plaintiff,<br><br>   v.<br><br>CITY OF BAKERSFIELD, *et al*.<br><br>   Defendants. | Case No. 1:22-cv-00494-JLT-CDB<br><br>ORDER RE: DISCOVERY DISPUTE<br><br>(Docs. 37-38) |

Currently before the Court is a discovery dispute that the parties have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure.

**Background**

On February 7, 2022, Plaintiff filed a complaint in the Superior Court for the State of California, County of Kern, in which he asserts the following causes of action against Defendants: (1) Negligence - Unreasonable Use of Force; (2) Battery; (3) Intentional Infliction of Emotional Distress; (4) Civil Rights Violations - Civil Code 52.1; (5) Excessive Force; (6) Failure to Intervene; and (7) Supervisory Liability.  (Doc. 2, Complaint).  The claims stem from an incident on December 28, 2020, during which Defendants made contact with Plaintiff and ultimately arrested him (the "December 28 Event").  *Id.* ¶¶ 17, 35.  Defendants removed the action to this Court on April 26, 2022.  (Doc. 2)

On December 22, 2023, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff noticed the

deposition of Defendant City of Bakersfield to testify about five identified subjects. (Doc. 37, Exhibit 2). Among other things, Plaintiff seeks to depose Defendant's officer or employee about an Internal Affairs investigation into the December 28 Event and about Defendant's treatment of Plaintiff's citizen complaint relating to that incident. The identified topics include: who was involved in the investigation(s); who was interviewed; what materials did investigators review; what were investigators' findings and conclusions; what actions (presumably, corrective or disciplinary actions) were taken as a result of the investigation(s). Further, Plaintiff's Rule 30(b)(6) notice directs Defendant's deponent to testify about Defendant's investigative findings that are memorialized in a letter from Defendant to Plaintiff, dated April 19, 2022, notifying Plaintiff of Defendant's investigation and, in general, the results of the investigation. Plaintiff also seeks to depose Defendant about its conclusion as to whether its officers' alleged use of force during the December 28 Event was justified, approved, permissible, within policy, and the reasons for such conclusions.

On January 3, 2024, Defendant transmitted to Plaintiff its objections to producing a witness responsive to Plaintiff's Rule 30(b)(6) deposition notice and asserted: "no witness will be produced." (Doc. 37, Exhibit 3). Defendant objects to the deposition and asserts that "[t]he categories identified by the Plaintiff in his deposition notice are entirely irrelevant to this litigation given the claims alleged." (Doc. 37 p. 7). Defendant argues that, because Plaintiff does not assert a *Monell* claim based on any alleged unconstitutional policy or practice, "any analysis of this incident that may have been performed by the Bakersfield Police Department after the fact is entirely irrelevant."

In connection with the parties' dispute concerning Plaintiff's Rule 30(b)(6) deposition notice, on January 4, 2024, the Court held a discovery dispute conference via Zoom video conference. (Doc. 38). Brian Bush appeared for Plaintiff and Mick Marderosian and Heather Cohen appeared for Defendants. At the beginning of the conference, the parties agreed to resolution of the identified discovery dispute outside the Local Rule 251 formal parameters, agreed to proceed without record, and agreed to abide by an order of the Court after the conference resolving the dispute.

**Governing Legal Standard**

"The purpose of discovery is to make trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent possible, and to narrow and clarify the issues in dispute." *Jadwin v. Cnty. Of Kern.*, No. 1:07-cv-0026-OWW-TAG, 2008 WL 2025093, *1 (E.D. Cal. May 9, 2008) (quotation and citations omitted).  Litigants are entitled to seek from each other discovery of information that is "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b).

Information need not be admissible in evidence to be discoverable.  Fed. R. Civ. P. 26(b)(1). *See, e.g., Ford v. Unknown*, No. 2:21-cv-00088-DMG-MAR, 2023 WL 6194282, at *1 (C.D. Cal. Aug. 24, 2023) ("Defendants are permitted to discover inadmissible information and bear the risk of asking questions at a deposition that could ultimately be useless at trial."). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  Relevancy is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Although relevance is broadly defined, it does have "ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006) (quoting *Oppenheimer Fund, Inc.*, 437 U.S. at 351).

Under Rule 30(b)(6), a party may name an organization as a deponent. The named organization must then designate an officer, director, or managing agent to testify about information known or reasonably available to the organization.  "As with all discovery, a Rule 30(b)(6) deposition must be directed to non-privileged matter that is relevant to a claim or defense and that is proportional to the needs of [the] case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Johnson v. City of San Jose*, No. 21-cv-01849-BLF (VKD), 2023 WL 3687968, at *1 (N.D. Cal. May 25, 2023).

"The party who resists discovery has the burden to show that discovery should not be

allowed, and has the burden of clarifying, explaining, and supporting its objection." *Jadwin v. Cnty. of Kern*, No. 1:07-cv-0026-OWW-TAG, 2008 WL 2025093, at *1 (E.D. Cal. May 9, 2008) (quotation and citations omitted). Relevant here, a party seeking to prevent a deposition from taking place "must demonstrate good cause – specific prejudice or harm – before a protective order will issue." *Fram v. Memory Enters. LLC,* No. CV 17-7172-MWF (JPRx), 2018 WL 5903922, at *2 (C.D. Cal. Sept. 17, 2018) (internal quotation and citations omitted). *Accord Pac. Marine Ctr., Inc. v. Silva*, No. 1:09-cv-1409-LJO-GSA, 2010 WL 2754351, at *3 (E.D. Cal. July 9, 2010).

**Discussion**

Cognizant of the fact that relevance is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case (*Oppenheimer Fund, supra*), the Court finds that the five limited topics that are identified in Plaintiff's Rule 30(b)(6) deposition notice are appropriate subjects for discovery.

Courts routinely hold that internal agency investigations of excessive force claims are appropriate subjects of discovery in a Section 1983 action based on the same underlying events, even where the plaintiff does not assert a *Monell* claim. *See, e.g., Garcia v. Juarez*, No. 1:12-cv-00750-AWI-EPG, 2016 WL 3648938, at *7-9 (E.D. Cal. July 7, 2016) (evaluative portions of internal agency investigative report, including opinions, and witness statements obtained through internal investigation deemed relevant and proper subject for discovery); *Carter v. Carlsbad*, No. 10cv1702-IEG (BLM), 2011 WL 669227, at *3-4 (S.D. Cal. Feb. 15, 2011) (evaluative portions of internal affairs report relating to incident giving rise to plaintiff's excessive force claims, including recommendations regarding findings of policy violations, deemed relevant). It follows that under the same circumstances, deposition testimony concerning these types of internal investigations likewise is relevant.

Defendant argues that the letter it transmitted to Plaintiff in response to his complaint (Doc. 37 Exhibit 1) memorializing that investigators concluded Plaintiff's allegation of excessive force was unfounded establishes that the subject of the internal investigation has "no relevance to any claim or defense asserted." (Doc. 37 p. 8). The Court disagrees. Defendants have raised 39

4

1 affirmative defenses to Plaintiff's causes of action, including good faith, proper conduct, privilege
2 (justified under state and federal law), justified use of force, resisting arrest, prevent
3 injury/escape, mutual combat and self-defense.  (Doc. 13).  It is possible (if not likely) that
4 investigators found Plaintiff's excessive force claim unfounded at least in part based on these
5 same defenses. Thus, because litigants are permitted to take discovery on matters relevant to
6 another party's defense, the subjects identified in Plaintiff's Rule 30(b)(6) notice concerning
7 Defendant's investigation of his claims are relevant and appropriate subjects for discovery.  *See*
8 Fed. R. Civ. P. 26(b)(1); *see, e.g., Stevens v. Brigham Young University – Idaho*, 420 F. Supp.3d
9 1114, 1123 (D. Id. 2019) (permitting Rule 30(b)(6) deposition on a topic deemed relevant to
10 rebutting defense).

11       As memorialized in Defendant's letter to Plaintiff, that investigators sustained allegations
12 of "unsatisfactory work performance" and "supervisor responsibilities" also are appropriate
13 subjects for deposition testimony.  Although counsel for Defendant during the discovery dispute
14 conference provided context for these two sustained findings that suggests discovery of these
15 topics may not lead to relevant information, it is impossible to determine that in advance of a
16 deposition.  The letter indicates investigators determined Plaintiff's allegations of misconduct
17 relating to the December 28 Event revealed lapses of policy, further discovery of which may
18 reveal relevant information.  *See, e.g., Macias v. City of Clovis,* No. 1:13-cv-01819-BAM, 2015
19 WL 7282841, at *9 (E.D. Cal. Nov. 18, 2015) ("although Plaintiff is no longer purs[u]ing a
20 municipal liability claim against the City, the policy and training information [requested] could
21 contain useful information that may be admissible at trial regarding the officers' mandated duties,
22 and whether training protocols were followed"); *Medina v. Cnty. of San Diego*, No. 08cv1252
23 BAS (RBB), 2014 WL 4793026, at *10 (S.D. Cal. Sept. 25, 2014) ("records created in the course
24 of the investigation into the shooting death of Robert Medina are clearly relevant to this civil
25 rights action")

26 **Conclusion and Order**

27       For the foregoing reasons and based on the discussion had during the informal discovery
28 dispute conference, it is HEREBY ORDERED, Defendants' relevancy objections to Plaintiff's

notice of Rule 30(b)(6) deposition dated December 22, 2023, are OVERRULED, and Defendants SHALL PRODUCE a witness for deposition and make a good faith effort to prepare its designees so that they can answer questions regarding the noticed deposition subjects fully and completely.

IT IS SO ORDERED.

Dated:   **January 5, 2024**                         _____
                                                           UNITED STATES MAGISTRATE JUDGE