1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MELTON SMITH,

                Plaintiff,

     v.

CITY OF BAKERSFIELD, *et al.*,

                Defendants.

Case No.  1:22-cv-00494-CDB

**PRETRIAL ORDER**

Motions in *limine*:
    File – September 3, 2024
    Respond – September 13, 2024
    Hearing – October 2, 2024

Jury instructions, proposed verdict form:
    Party-submitted – September 12, 2024
    Conference – September 17, 2024
    Joint & Disputed – September 24, 2024
    Hearing – October 2, 2024

Exhibits:
    Exchange exhibit lists – September 13, 2024
    Exhibit conference – September 24, 2024
    Exhibits lodged – September 30, 2024

Proposed Voir Dire – September 30, 2024

Deposition designations: September 18, 2024
Counter designations: September 25, 2024

Pretrial Conference:  July 27, 2024, 10:30AM
Jury Trial: October 7, 2024, at 8:30AM in the
Bakersfield Courthouse, 510 19th Street (CDB)

On August 5, 2024, the Court conducted a final pretrial conference.  (Doc. 56).  Brian Bush appeared via Zoom videoconference as counsel for Plaintiff; Michael Marderosian and Heather Cohen

1

appeared via Zoom videoconference as counsel for Defendants. Having considered the parties' joint pretrial statement (Doc. 51) and discussion held during the pretrial conference, the Court issues this tentative pretrial order.

Plaintiff Melton Smith asserts claims pursuant to 42 U.S.C. § 1983 and state law against Defendants City of Bakersfield, Bradley Vaughn, and Kolby Davenport based on Defendants' alleged actions in connection with a law enforcement encounter between Plaintiff and Defendants and others on December 29, 2020, as alleged in the operative complaint. (Doc. 2).[1]

### A.  Jurisdiction/Venue

This action includes causes of action pursuant to 42 U.S.C. § 1983.  Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.  The Court has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

### B.  Jury Trial

The parties demanded a jury trial in this matter.  The jury trial will consist of eight jurors.

### C.  Undisputed Facts

1.    The events giving rise to this litigation occurred on or about December 28, 2020 in the County of Kern.

2.    Defendants Vaughn and Davenport during all relevant times on December 28, 2020, were acting in the course and scope of their employment as Bakersfield police officers and were acting under color of state law.

### D.  Disputed Facts

Local Rule 281(b)(4) requires the parties to include in their joint pretrial statement a "plain, concise statement of each fact (and any related essential facts) that the party claims or concedes to be in dispute."  Here, the parties largely present as "disputed facts" their conflicting positions as to whether the elements of the claims asserted are met or whether the factfinder should make certain conclusions concerning the evidence.   Thus, for instance, the parties identify disputes as to whether

---

[1] Counsel for Defendants raised at the pretrial conference the possibility of privately retaining a court reporter.  While one or both parties may retain a court reporter to assist with expeditious transcription services given the Court's inability to provide real-time transcripts, the parties *may not* stipulate to a private court reporter's transcript serving as the official transcript.

any Defendant was negligent and committed battery and whether Plaintiff is entitled to certain damages.  (Doc. 51 at 2-4).  The only "factual" dispute the Court perceives from the parties' submission is the extent of Plaintiff's injuries.  *Id.* at 3, Def's #5.

### E.  Disputed Legal Issues

The parties agree Plaintiff's operative complaint alleges causes of action for: (1) Negligence; (2) Battery; (3) Intentional Infliction of Emotional Distress; (4) 42 U.S.C § 1983 – Excessive Force; (5) Violation of California Civil Code § 52.1.[2]

Defendants assert four affirmative defenses: (1) Self Defense/Defense of Others; (2) Justified/Reasonable Use of Force; (3) Comparative Fault; (4) Mitigation of Damages.

At the pretrial conference, the Court confirmed with the parties that they have no objections to the applicable legal standards as set forth in their joint pretrial statement (Doc. 51 at 7-10).  Separately, the parties represent that they will meet and confer regarding any modification to Ninth Circuit Model Jury Instruction 9.25 applicable to Plaintiff's Section 1983 claim and possibly battery claim.  *See id.* at 9.

### F.  Motions In *Limine* Hearing and Briefing Schedule

Plaintiff raises evidentiary objections relating to: his arrests not resulting in convictions and juvenile criminal adjudications; his pending criminal charges; his current status as a pretrial detainee; his purported entrapment of law enforcement officers for monetary gain or other purpose; "bad act" evidence of his conduct in Kern County Jail; unavailability of cell phone camera footage.

Defendant raises evidentiary objections relating to: internal law enforcement investigation or discipline; economic damages; delayed medical treatment.

Both parties intend to file motions in limine regarding the evidence to be used at trial. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984); *Jonasson v. Lutheran Child and Family*

---

[2] All other causes of action set forth in the operative complaint were voluntarily dismissed on stipulation.  *See* (Docs. 29, 41).

*Services*, 115 F.3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. *Id*. The Court does not encourage the filing of motions in limine unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial.

**In advance of filing any motion in limine, the parties SHALL meet and confer to determine whether they can resolve any disputes and avoid filing motions in limine. Along with their motions in limine, the parties SHALL file a certification demonstrating the parties have in good faith met and conferred and attempted to resolve the dispute. Failure to provide the certification may result in the Court refusing to entertain the motion**.

The parties, after meaningful and genuine meet and confer efforts, shall file and serve their actually disputed motions in *limine* no later than **September 3, 2024**. Any response to motions in *limine* shall be filed no later than **September 13, 2024**.  The Court will conduct a hearing on the motions in *limine* on **October 2, 2024, at 10:30 a.m.** in the Bakersfield Courthouse, 510 19th Street (CDB), unless this Court decides to rule on the motions in *limine* on the briefs.[3]

Moving and opposition papers must be succinct and well-organized. The parties shall consolidate their respective motions in *limine* in a single document, organized by number, and file oppositions in a single document responding to the numbered issues under the same corresponding headers. For example, if Plaintiff has five evidentiary issues, he would file one motion that has five headers: Motion in *limine* No. 1; Motion in *limine* No. 2, and so on; and, in response, Defendants would file one opposition document organized in the same way.

///
///
///
///

---

[3] Plaintiff (a pretrial detainee) will not be transported to the courthouse for this hearing.  The Court will issue a writ ad testificandum to obtain Plaintiff's appearance for trial.

4

### G.  Special Factual Information

#### 1.  General Nature of Incident (Local Rule 281(b)(6)(iv)(A))

This case arises from an encounter between Plaintiff and law enforcement officers, including Defendants, on December 29, 2020,[4] on the street just west of 2417 January Drive in Bakersfield, California, following a traffic stop.  Plaintiff asserts Defendants engaged in excessive use of force in their efforts to bring Plaintiff into custody, including through Defendants' slamming of Plaintiff to the ground, pressing his face and chest into the pavement, then punching Plaintiff and using an arm bar to break his right arm.   Defendants assert Plaintiff failed to heed their directions and that their use of force was reasonable and assert various affirmative defenses.  The causes of action and statutory and common law predicates at issue are referred to above.

#### 2.  Plaintiff's Information (Local Rule 281(b)(6)(iv)(B))

At the time of this incident, Plaintiff was 31 years old and currently is 35.  Plaintiff asserts he suffered physical injuries including a broken right humerus and has suffered post-traumatic ulnar nerve damage causing symptoms to the present. Plaintiff also asserts he suffered acute fear of being shot and killed or attacked by a law enforcement canine, as well as lingering mental and emotional stress, anxiety, and fear as a result of the incident.  Defendants acknowledge Plaintiff's claim of a humerus fracture and post traumatic ulnar neuropathy.

Plaintiff does not claim any preexisting injury to his right arm.

In connection with the December 2020 incident, Plaintiff has received care while incarcerated at Kern County jail.  Plaintiff does not provide any estimate of past or future damages and is waiving any claim to economic damages at trial.

### H.  Relief Sought

Plaintiff seeks unquantified damages for: noneconomic damages from the date of the incident through trial; future noneconomic damages for pain and suffering associated with the post-traumatic nerve damage; treble damages under the Bane Act; punitive damages; attorney's fees and costs.

Defendants seek attorney's fees and costs.

---

[4] It is unclear to the Court whether the incident occurred on December 28 or December 29.  *See supra* at Sec. C.

5

### I. Abandoned Issues

Plaintiff abandons his claim for economic damages.  As referenced above, certain Defendants and claims have been dismissed.

### J. Witnesses

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

a.    <u>Plaintiff</u>

- Plaintiff, Melton Smith
- Defendant, Bradley Vaughn
- Defendant, Kolby Davenport
- Trent Alexander
- Shane Courtis, Hall Ambulance Services
- Brent Stratton
- Andrea Murphy
- Renae Lovely
- Jessica Passalaqua
- Jeffrey J. Noble (expert)
- Richard A. Brown (expert)
- Joel Amezquita, M.D.
- Daniel Quesada, M.D.
- Michael Eagan, M.D.
- Sabetian Katayoun

<u>Defendant</u>

- Defendant, Bradley Vaughn
- Defendant, Kolby Davenport
- Trent Alexander

- Rodolfo Diaz
- Byron Sandrini
- Paul Madriz
- Ebony Jerlene Lashea
- Donovan Kaye Webster
- Jose Leos Jr.
- Leon Keesee II
- Daniel Quesada M.D.
- Joel Amezquita M.D.
- Larissa Morsky M.D.
- Rangel Cuahlethuanizin M.D.
- Joshua Tobias M.D.
- Elizabeth Sianunco M.D.
- Mikhail Bekarev M.D.
- Michael Eagan M.D.
- David Pouldar M.D.
- Monica Sutter PAC
- Eddie Javier Ortiz M.D.
- Rachel O'Donnel M.D.
- Hari Kunhi Veedu M.D.
- Kieron Barkataki D.O.
- Krishan Chaddha D.O.
- Lev Libet M.D.
- Thomas Hill M.D.
- Shelah Hayes M.D.
- Rick McPheeters D.O.
- Nathan Wang M.D.

- Ramon Mansilungan N.P.
- Kenya Gooden, Nurse
- Deputy Diego Magana Reyes
- Gabriel Silva
- Clarence Chapman (expert)

### K.  Trial Exhibits

Plaintiff's Exhibits and Defendants' Exhibits are those listed in the parties' respective exhibit lists, as set forth in the parties' Joint Pretrial Statement. (Doc. 51 at Sec. 11).  The Court incorporates the parties' exhibit lists by reference.

NO EXHIBIT, OTHER THAN THOSE LISTED IN THE JOINT PRETRIAL STATEMENT AND INCORPORATED HEREIN, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

### 1.  Duty to Pre-Mark Exhibits

No later than **September 13, 2024,** the parties shall exchange their proposed exhibits, including demonstrative exhibits.  The parties' counsel shall meet and conduct an exhibit conference no later than **September 24, 2024,** to pre-mark and examine trial exhibits and to prepare exhibit lists. All joint exhibits (i.e., any documents which the parties agree should be introduced into evidence) shall be pre-marked with the prefix "JX" and numbered sequentially starting with JX1.  Exhibits marked with prefix "JX" will be automatically admitted into evidence without further evidentiary foundation.  All of Plaintiff's exhibits (not jointly agreed upon) shall be pre-marked with the prefix "PX" and numbered sequentially starting with PX100. Defendants' exhibits (not jointly agreed upon) shall be pre-marked with the prefix "DX" and numbered sequentially starting with DX200 and proceeding, as needed.  This requirement that exhibits be pre-marked includes any exhibits that will be presented in any manner during trial, such as "demonstrative" evidence.

The parties shall separately number each page of any exhibit exceeding one page in length (i.e., JX1-2, PX100-2, DX200-2, etc.).

Each exhibit binder (Joint, Plaintiff, and Defendants) shall contain an index which is placed in the binder before the exhibits. The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

**INDEX OF [JOINT] EXHIBITS**

| EXHIBIT # | DESCRIPTION | ADMITTED IN EVIDENCE |
|-----------|-------------|----------------------|
|           |             |                      |

### 2. Exhibits

No later than **September 30, 2024**, the parties shall file and serve their lists of respective pre-marked exhibits.  Further, no later than **September 30, 2024**, Plaintiff shall deliver three sets of the joint exhibits and the parties each shall deliver three sets of their separate exhibit binders to the Courtroom Deputy Clerk and provide one set to their opponent.

### 3. Discovery Documents

The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – that the parties expect to offer at trial.  If a discovery document intended to be used at trial has not been previously lodged, the parties shall also submit the original of such document along with a copy for the Court's use no later than **September 30, 2024**.  Discovery documents (or relevant portions thereof) may be either separately marked and indexed as a trial exhibit (as part of the exhibit marking process described above) or, if admissible, read directly into evidence.

NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

Plaintiff's Documents

1.      City of Bakersfield's responses to Plaintiff's Special Interrogatories, Set One

2.      City of Bakersfield's responses to Plaintiff's Requests for Production, Set One

Defendant's Documents

1.    Plaintiff's Response to Defendant Trent Alexander's Special Interrogatories, Set One

2.    Plaintiff's Responses to Defendant Paul Madriz's Special Interrogatories, Set One

3.    Plaintiff's Responses to Defendant Kolby Davenport's Special Interrogatories, Set One

4.    Plaintiff's Responses to Defendant City of Bakersfield's Special Interrogatories, Set One

5.    Plaintiff's Responses to Defendant Bryon Sandrini's Special Interrogatories, Set One

6.    Plaintiff's Responses to Defendant Bradley Vaughn's Special Interrogatories, Set One

7.    Plaintiff's Responses to Defendant City of Bakersfield's Requests for Admission, Set One

8.    Plaintiff's Responses to Defendant City of Bakersfield's Requests for Production, Set One

9.    Plaintiff's Amended Responses to City of Bakersfield's Special Interrogatories, Set One

10.   Plaintiff's Amended Responses to City of Bakersfield's Requests for Admission, Set One

### 4. Deposition Testimony

Deposition testimony shall be designated by page and line number, with such designation to be filed and served no later than **September 18, 2024**.  Any counter-designation as to the same deposition (also set out by page and line number) shall be filed and served no later than **September 25, 2024**. The original certified transcript of any deposition identified in a designation or counter-designation, along with any videorecording of deposition excerpts either party intends to use at trial, shall be lodged with the Courtroom Deputy Clerk no later than **September 30, 2024**.

### L.  Proposed Jury Instructions, Verdict Forms, and Voir Dire

The parties shall <u>serve</u> their proposed jury instructions and verdict forms on one another no later than **September 12, 2024**. The parties shall conduct a conference to address their proposed jury instructions and verdict forms no later than **September 17, 2024**. At the conference, the parties shall reach agreement on jury instructions and a verdict form for use at trial.  The parties, no later than **September 24, 2024,** shall <u>jointly file and serve</u> all agreed-on jury instructions and an agreed-on verdict form and identify such as the agreed-on jury instructions and verdict form.  The parties also

shall <u>file and serve</u> by **September 24, 2024**, any proposed but disputed jury instructions and/or partial verdict form, and identify those as disputed.

All jury instructions SHALL indicate the party submitting the instruction (i.e., joint/agreed-on, Plaintiff's, or Defendants'), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the text of the instruction, and the legal authority supporting the instruction.

All jury instructions and verdict forms SHALL be e-mailed as a Microsoft Word attachment to cdborders@caed.uscourts.gov. The Court will not accept a mere list of numbers of form instructions from the Ninth Circuit Model Jury Instructions, CACI, BAJI, or other instruction forms. The proposed jury instructions must be in the form and sequence that the parties desire to be given to the jury. All blanks to form instructions must be completed. Irrelevant or unnecessary portions of form instructions must be omitted.

Ninth Circuit Model Jury Instructions shall be used where the subject of the instruction is covered by a model instruction. Otherwise CACI or BAJI instructions shall be used where the subject of the instruction is covered by CACI or BAJI. All instructions shall be short, concise, understandable, neutral and accurate statements of the law. Argumentative or formula instructions will not be given and must not be submitted. Quotations from legal authorities without reference to the issues at hand are unacceptable.

The parties shall, by italics or underlining, designate any modification of instructions from statutory or case authority, or any pattern instruction, such as the Ninth Circuit Model Jury Instructions, CACI, BAJI, or any other source of pattern instructions, and must specifically state the modification made to the original form instruction and the legal authority supporting the modification.

The parties shall file their proposed voir dire questions, in accordance with Local Rule 162.1, on or before **September 30, 2024**.

The Court will address arguments concerning jury instructions, verdict form, proposed voir dire and any other outstanding pretrial issues at the motion in *limine* hearing on **October 2, 2024, at 10:30 a.m.**

///

**M. Further Discovery/Motions**

No further discovery is sought by either party.

**N.  Stipulations**

The parties have not agreed upon any stipulations.

**O.  Amendments/Dismissals**

Neither party seeks amendments to the pleadings.

**P.  Settlement Negotiations**

The parties previously participated in a Court-convened settlement conference but did not settle the case.

**Q.  Agreed Statements**

The parties did not include in their joint pretrial statement a neutral statement to use during jury selection.  At the pretrial conference, the Court ordered the parties to meet and confer and provide a neutral statement.  The parties shall provide to the Court an agreed-upon neutral statement no later than **September 30, 2024.**

**R.  Separate Trial of Issues**

At the pretrial conference, the parties expressed agreement to bifurcate trial of punitive damages.

**S.  Impartial Experts – Limitation of Experts**

None requested.

**T.  Attorney's Fees**

The parties will seek an award of attorneys' fees as appropriate as a post-trial motion.

**U.  Trial Date/Estimate of Length**

Jury trial is set for **October 7, 2024**, at 8:30 a.m. before the Honorable Christopher D. Baker at the United States Courthouse, 510 19th Street, Bakersfield, California. Trial is expected to last five (5) days.

///

///

12

### V.  Trial Briefs

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before **September 30, 2024**.

### W. Objections to Pretrial Order

Within 14 days after the date of service of this order, the parties may file written objections to any of the provisions set forth in this order. The parties may file any replies to the objections within seven days. The objections shall clearly specify the requested modifications, corrections, additions or deletions. **If no objections are filed, the order will become final without further order of the Court.**

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

### X.  Miscellaneous Matters

The Court anticipates convening trial Monday – Friday at 8:30 a.m.  The Court anticipates one morning break for 15 minutes and adjourning for lunch at 12:00 for one hour, and one afternoon break for 15 minutes and adjourning each day by 4:00 p.m.  Once the jury begins deliberating, the jury will set their own schedule.

The Court will enter separately an order addressing courtroom and trial decorum.

Strict compliance with this order and its requirements is mandatory. All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated:   __August 5, 2024__                      _____

UNITED STATES MAGISTRATE JUDGE

13