1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11   MELTON SMITH,                          Case No. 1:22-cv-00494-CDB

12          Plaintiff,                      JURY INSTRUCTIONS

13          v.

14   CITY OF BAKERSFIELD, et al.,

15          Defendants.

16

17

18          The jury instructions attached hereto were read to the jury in open court.

19

20

21   DATED:                                 KEITH HOLLAND, CLERK OF COURT

22

23                                          By:_____

24                                              Cori Boren, Deputy Clerk

25

26

27

28

1

INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

1

INSTRUCTION NO. 2

2      Evidence may be direct or circumstantial.

3      Direct evidence is direct proof of a fact, such as testimony by a witness about what the

4   witness personally saw or heard or did.

5      Circumstantial evidence is proof of one or more facts from which you could find another

6   fact.

7      You should consider both kinds of evidence.  The law makes no distinction between the

8   weight to be given to either direct or circumstantial evidence.  It is for you to decide how much

9   weight to give to any evidence.

10     By way of example, if you wake up in the morning and see that the sidewalk is wet, you

11  may find from that fact that it rained during the night.  However, other evidence, such as a turned

12  on garden hose, may provide a different explanation for the presence of water on the sidewalk.

13  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must

14  consider all the evidence in the light of reason, experience and common sense.

INSTRUCTION NO. 3

The parties have agreed to certain facts that will be read to you, as follows. You must therefore treat these facts as having been proved.

1.  Plaintiff has been convicted of the following felonies:

    a.  Burglary 2nd Degree, on March 23, 2007. Sentenced to 1 year 4 months in Jail.

    b.  Burglary 1st Degree of an inhabited dwelling house on November 16, 2009. Sentenced to 4 years 74 days in Jail.

    c.  California Penal Code section 182.22 on December 2, 2016 for engaging in the membership of a Criminal Street Gang. Sentenced to 3 years in Prison.

INSTRUCTION NO. 4

The evidence that a witness has been convicted of a crime, or has lied under oath on a prior occasion, may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

INSTRUCTION NO. 5

You have heard testimony from expert witnesses in this case, who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering a witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 6

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer and accessory equipment will be available to you in the jury room.

A court clerk will show you how to operate the computer and other equipment and how to locate and view the exhibits on the computer. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court clerk may enter the jury room with the court security officer present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court clerk or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court clerk or any non-juror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data or flash drive from the jury room, and do not copy any such data.

INSTRUCTION NO. 7

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 8

The Plaintiff brings one of his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

INSTRUCTION NO. 9

In order to prevail on a § 1983 claim against Defendant Vaughn and Defendant Davenport (collectively, "Defendants"), Plaintiff Melton Smith ("Plaintiff") must prove each of the following elements by a preponderance of the evidence:

1. The Defendant acted under color of state law;

2. The acts of the Defendant deprived the Plaintiff of particular rights under the United States Constitution as explained in later instructions; and

3. The Defendant's conduct was an actual cause of the claimed injury.

In this case, the parties have stipulated that the Defendants acted under color of state law.

A Defendant's conduct is an actual cause of the Plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find the Plaintiff has proved each of these elements, and if you find that the Plaintiff has proved all the elements the Plaintiff is required to prove under Instruction 10, your verdict should be for the Plaintiff.  If, on the other hand, you find that the Plaintiff has failed to prove any one or more of these elements, your verdict should be for the Defendant.

INSTRUCTION NO. 10

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in attempting to stop a fleeing or escaping suspect.  Therefore, to establish an unreasonable seizure in this case, the Plaintiff must prove by a preponderance of the evidence that the Defendants used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances.  You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.  Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the Defendants used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1.  the nature of the crime or other circumstances known to the officers at the time force was applied;

2.  whether the Plaintiff posed an immediate threat to the safety of the officers or to others;

3.  whether the Plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4.  the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5.  the relationship between the need for the use of force and the amount of force used;

6.  the extent of the Plaintiff's injury;

7.  any effort made by the officer to temper or to limit the amount of force;

8.  the severity of the security problem at issue;

9.  the availability of alternative methods to take the Plaintiff into custody;

10. the number of lives at risk (motorists, pedestrians, police officers) and the parties'

11

relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;

11. whether it was practical for the officers to give warning of the imminent use of force, and whether such warning was given;

12. whether a reasonable officer would have or should have accurately perceived a mistaken fact; and

13. whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime.

In this case, the parties have stipulated that the Defendants had probable cause to detain and arrest Mr. Smith on December 28, 2020.

INSTRUCTION NO. 11

Each of the Defendants claims that he is not responsible for the Plaintiff's harm because he was acting in self-defense or defense of others. To succeed, the Defendants must prove both of the following:

1.  That he reasonably believed that the Plaintiff was going to harm members of the public; and

2.  That he used only the amount of force that was reasonably necessary to protect them.

INSTRUCTION NO. 12

Plaintiff claims that Defendant Vaughn and Defendant Davenport intentionally interfered with his civil rights by threats, intimidation, or coercion.  To establish this claim, Plaintiff must prove all of the following:

1.  That Defendant Vaughn and Defendant Davenport acted violently against Plaintiff to prevent him from exercising his right to be free from excessive force;

2.  That Defendant Vaughn and Defendant Davenport intended to deprive Plaintiff of his enjoyment of the interests protected by the right to be free from excessive force;

3.  That Plaintiff was harmed; and

4.  That Defendant Vaughn and Defendant Davenport's conduct was a substantial factor in causing Plaintiff's harm.

INSTRUCTION NO. 13

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

INSTRUCTION NO. 14

Plaintiff claims that he was harmed by Defendant Vaughn and Defendant Davenport's negligence.  To establish this claim, Plaintiff must prove all of the following:

    1.  That Defendant Vaughn and Defendant Davenport were negligent;

    2.  That Plaintiff was harmed; and

    3.  That Defendant Vaughn and Defendant Davenport's negligence was a substantial factor in causing Plaintiff's harm.

INSTRUCTION NO. 15

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act.  A person is negligent if that person does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Plaintiff and Defendant Vaughn and Defendant Davenport's situation.

INSTRUCTION NO. 16

A law enforcement officer may use reasonable force to arrest, detain, prevent escape of, and overcome resistance by a person when the officer has reasonable cause to believe that that person has committed or is committing a crime.  However, the officer may use only that degree of force necessary to arrest, detain, prevent escape of, and overcome resistance of the person. Even if the officer is mistaken, a person being arrested or detained has a duty not to use force to resist the officer unless the officer is using unreasonable source.

Plaintiff claims that Defendant Vaughn and Defendant Davenport were negligent in using unreasonable force to arrest, detain, prevent escape of, and overcome resistance of him.  To establish this claim, Plaintiff must prove all of the following:

1.      That Defendant Vaughn and Defendant Davenport used force to arrest, detain, prevent escape of, and overcome resistance by Plaintiff;

2.      That the amount of force used by Defendant Vaughn and Defendant Davenport was unreasonable;

3.      That Plaintiff was harmed; and

4.      That Defendant Vaughn and Defendant Davenport's use of unreasonable force was a substantial factor in causing Plaintiff's harm.

In deciding whether Defendant Vaughn and Defendant Davenport used unreasonable force, you must consider the totality of the circumstances to determine what amount of force a reasonable police officer in Defendant Vaughn and Defendant Davenport's position would have used under the same or similar circumstances.  "Totality of the circumstances" means all facts known to the officer at the time, including the conduct of Defendant Vaughn and Defendant Davenport and Plaintiff leading up to the use of force.  Among the factors to be considered are the following:

(a)      Whether Plaintiff reasonably appeared to pose an immediate threat to the safety of Defendant Vaughn and Defendant Davenport or others;

(b)      The seriousness of the crime at issue; and

1          (c)      Whether Plaintiff was actively resisting arrest/detention or attempting to avoid

2  arrest/detention by flight.

INSTRUCTION NO. 17

Defendants claim that Plaintiff's own negligence contributed to his harm.  To succeed on this claim, Defendant Vaughn and Defendant Davenport must prove both of the following:

      1.       That Plaintiff was negligent; and

      2.       That Plaintiff's negligence was a substantial factor in causing his harm.

If Defendant Vaughn and Defendant Davenport prove the above, Plaintiff's damages are reduced by your determination of the percentage of Plaintiff's responsibility.  I will calculate the actual reduction.

INSTRUCTION NO. 18

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff, you must determine the Plaintiff's damages. The Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by any Defendant.

You should consider the following:

1.  The nature and extent of the injuries;

2.  The disability, disfigurement, and loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future; and

3.  The mental, physical, and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

INSTRUCTION NO. 19

If you decide that the Plaintiff has suffered damages that will continue for the rest of his life, you must determine how long he will probably live. According to the Centers for Disease Control's National Vital Statistics Reports, Vol. 72, No. 12, a 35-year-old black male is expected to live another 36.6 years. This is the average life expectancy. Some people live longer and others die sooner. This published information is evidence of how long a person is likely to live but is not conclusive. In deciding a person's life expectancy, you should also consider, among other factors, that person's health, habits, activities, lifestyle, and occupation.

INSTRUCTION NO. 20

If you find for the Plaintiff on his § 1983 claim for violations of Plaintiff's constitutional rights, you may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate the Plaintiff.  For this claim, the Plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the Defendants' conduct that harmed the Plaintiff was malicious, oppressive or in reckless disregard of the Plaintiff's rights.

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the Plaintiff.

Conduct is in reckless disregard of the Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's safety or rights, or if the Defendants act in the face of a perceived risk that his actions will violate the Plaintiff's rights under federal law.

An act or omission is oppressive if a Defendant injures or damages or otherwise violates the rights of the Plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the Plaintiff.

INSTRUCTION NO. 21

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 22

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, X, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or Commentary about the case or anything to do with it. Although I have no information that there were, or will be, news reports about this case, do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications,

25

then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

INSTRUCTION NO. 23

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

INSTRUCTION NO. 24

A verdict form has been prepared for you.  The verdict form directs you to answer certain questions and provides instructions on which questions to answer depending on your answers to earlier questions.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the court security officer that you are ready to return to the courtroom.

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF CALIFORNIA
2500 Tulare Street, Room 1501
Fresno, CA 93721

## ORDER AND RECEIPT FOR TRIAL EXHIBITS

**CASE NUMBER:**    **1:22-cv-494-CDB**

**CASE NAME:**    **Melton Smith V. City of Bakersfield, et al.**

Pursuant to Local Rule 138(f), the Court orders that custody of all exhibits used, referenced and/or admitted at trial be returned to the party who initially marked the exhibit **irrespective of who used, referenced or admitted the exhibit at trial.**   The parties shall retrieve the original exhibits from the Courtroom Deputy following the verdict in the case.   Joint Exhibits will be returned to the submitting party unless otherwise agreed to by the parties in writing or on the record.

The parties' counsel shall retain possession of and keep safe all exhibits until final judgment and all appeals are exhausted or the time for filing an appeal has passed.

IT IS SO ORDERED.

Dated:   10-9-24

DATE EXHIBITS RETURNED:   10-9-24

/s/ Christopher D. Baker
U. S. MAGISTRATE JUDGE

**Pltf Attorney:**   BRIAN BUSH

**Pltf Attorney Signature:**

**DATE EXHIBITS RETURNED:**   10/9/24

**Deft Attorney:**   Heather Cohen

**Deft Attorney Signature:**   Heather M

**This document certifies that the above referenced exhibits were returned.**

Date:   10-9-24

**Cori Boren**
**Courtroom Deputy**